IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Russell Vickery, | ) | Case No. 1:23-cv-05647-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sheriff Chad McBride, Captain David Baker, Admin. Lt. Nathan Mitchell, Medical Director John Doe, Medical Supervisor John Doe, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

       This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On March 5, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  The Magistrate Judge further noted that this action was subject to summary dismissal upon a review of the merits of Plaintiff's claims.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff has not filed objections to the Report and the time to do so has lapsed.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, to the extent that Plaintiff's earlier filings [23, 28, 30] could be liberally construed as objections to orders of the Magistrate Judge, the Court has reviewed all of the Magistrate Judge's orders and finds that they are not clearly erroneous or contrary to law. *See Wall v. Rasnick*, 42 F.4th 214, 217 (4th Cir. 2022) ("In reviewing nondispositive written orders issued by a magistrate judge, a district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" (quoting Fed. R. Civ. P. 72(a)). Accordingly, any such objection is overruled.

Moreover, as noted above, Plaintiff did not file objections to the Report. Upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** without prejudice, without further leave to amend, and without issuance and service of process pursuant to Rule 41(b).[1]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 26, 2024
Spartanburg, South Carolina

---

[1] In the alternative, the Court further agrees with the Magistrate Judge that Plaintiff's claims are subject to summary dismissal.